JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN SHEPARD,

Plaintiff,

-against-

DECHERT, LLP,

Defendant.

07 CV 11474

COMPLAINT

**PLAINTIFF DEMANDS A TRIAL BY JURY**

RECEIVED DEC 21 2007 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, Shawn Shepard ("Plaintiff" or "Plaintiff Shepard"), by his attorneys, The Boyd Law Group, PLLC and through his Complaint against Dechert, LLP ("Defendant" or "Defendant Dechert" or "Dechert"), alleges as follows:

THE PARTIES

1. Plaintiff Shepard is a resident of the State of New Jersey.

2. Plaintiff currently resides at 277 8th Street. #2, Jersey City, NJ 07302, and has done so at all times relevant to the complaint.

3. Plaintiff is a U.S. citizen.

4. Plaintiff is an African American male.

5. Plaintiff is opposed to discriminatory practices.

6. Plaintiff has a disorder of the central nervous system called Spasmodic Dysphonia which causes his vocal chord folds to part irregularly.

7. This condition requires botulin toxin injections into the muscles of the larynx approximately every three (3) months for relief.

8. Spasmodic Dysphonia is a disability under federal, state and local law as it limits the major life activity of speaking.

9. Plaintiff Shepard is a qualified individual with a disability and has fifteen (15) years of experience in the legal services industry.

10. Plaintiff received regular performance reviews during the course of his career and these reviews, before the issues at hand arose, were always satisfactory or better.

11. Plaintiff worked for Defendant Dechert for over four (4) years.

12. Plaintiff worked as an Evening Wordprocessing Coordinator.

13. Plaintiff worked in Defendant's New York City office, located at 30 Rockefeller Plaza, New York, NY 10112.

14. Upon information and belief, Defendant does substantial business in the State of New York.

NATURE OF THE ACTION

15. This is a civil action for of race discrimination, disability discrimination and retaliation. The action is brought seeking damages and remedies for disability discrimination and retaliation for complaining of same under The Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12101, as amended, *et seq.*, New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* and New York City Human Rights Law, NYC Admin Code § 8-101 *et seq.* The action is brought seeking damages and remedies for race discrimination and retaliation for complaining of same under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §§1981 *et seq*., New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* and New York City Human Rights Law, NYC Admin Code § 8-101 *et seq.*

16. Specifically, Defendant discriminated against Plaintiff Shepard because of his disability, and their perception of his disability, by horribly and offensively harassing him and constructively discharging him for his complaints about such harassment.

17. Similarly, Defendant discriminated against Plaintiff Shepard based upon his race by treating him less favorably than similarly situated caucasian employees and constructively terminating him for complaining about race-based discrimination.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over this action under 28 U.S.C. § 1331 for civil actions arising under the laws of the United States and 28 U.S.C. § 1343 for actions under laws providing for the protection of civil rights.

19. Declaratory and injunctive relief are sought under 28 U.S.C. § 2201 *et seq.*

20. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## ADMINISTRATIVE PREREQUISITES

21. Plaintiff Shepard filed an Equal Employment Opportunity ("EEO") charge of discrimination against Defendant on or about November 14, 2006.

22. The EEOC mailed a right to sue letter to Plaintiff and the undersigned counsel on or about September 28, 2007.

23. A copy of this right to sue is annexed hereto as Exhibit A.

24. Plaintiff's filing is, thus, within the ninety (90) days required under the law.

## FACTS

25. Plaintiff Shepard is a qualified individual with as disability and has fifteen (15) years of experience in the legal services industry.

26. Plaintiff Shepard received regular performance reviews during the course of his career and these reviews, before the issues at hand arose, were always satisfactory or better.

27. In fact, Plaintiff currently works for a prestigious large law firm in New York City and just received positive reviews in for his past year of work.

28. Plaintiff Shepard worked for Defendant Dechert for over four (4) years.

29. Plaintiff worked as an Evening Word Processor and Coordinator.

30. Plaintiff had a supervisor named Adrienne Jefferson and a subordinate named Sonya Haugabook-Matos in his department.

31. Both of these workers are African American.

32. Plaintiff Shepard observed that Ms. Haugabook-Matos and Ms. Jefferson worked hard and were dedicated to their jobs.

33. Plaintiff Shepard worked hard as well.

34. Plaintiff Shepard's initial reviews at Dechert reflected that he exceeded expectations.

35. These evaluations were consistent with the noteworthy praise and positive evaluations Plaintiff Shepard received for his work during the course of his career.

36. In February of 2005, Richard Bell was introduced as an Evening Scheduler at Dechert.

37. Mr. Bell, a Caucasian male, was hired to work as an Evening Scheduler.

38. Plaintiff Shepard quickly realized that Mr. Bell did not perform his tasks and often sat at his desk refusing to work.

39. Plaintiff Shepard even observed Mr. Bell asleep at work.

40. Plaintiff Shepard worked very hard as did his other African American colleagues Ms. Haugabook-Matos and Ms. Jefferson.

41. Plaintiff Shepard felt that Mr. Bell was being given preferential treatment because he worked little and poorly and was praised nevertheless.

42. In this context, the fact that Plaintiff Shepard was routinely referred to as "the black guy" took on an increasingly harmful and derogatory meaning to Plaintiff.

43. Plaintiff Shepard brought his concerns about Mr. Bell's work performance to the attention of the manager of the department, Jennifer Canton (hereinafter "Ms. Canton") several times, but his complaints were not recognized.

44. In fact, Defendant began to scrutinize Plaintiff's work because of his complaints.

45. This discriminatory work environment bothered and offended Plaintiff Shepard.

46. It made it difficult for him to perform his job because he knew he was undervalued due to the color of his skin.

47. It also made it clear to him that if he criticized the Caucasian Mr. Bell, he would be penalized for doing so.

48. In early September of 2004, Plaintiff Shepard became aware that a difficulty he had with his voice might be a diagnosable and treatable condition.

49. Shortly thereafter, his condition was indeed diagnosed as Spasmodic Dysphonia, a disease of the nervous system that affects the vocal chords.

50. Spasmodic Dysphonia is a treatable condition, but the treatment requires injections every few months.

51. There is, moreover, a modest recovery time generally required after the injections.

52. On or about November 10, 2004, Plaintiff Shepard advised his immediate supervisor and the Personnel Director at Dechert of his condition.

53. During approximately the same time frame, around October 2004, Plaintiff Shepard was criticized for his disability by the Managing Partner, Thomas Munno.

54. In particular, Mr. Munno told Plaintiff Shepard he "sounded like shit" on at least two (2) occasions.

55. This comment hurt and offended Plaintiff Shepard.

56. He was uncomfortable about the sound of his voice already, and did not need such an insult from the managing partner at the firm.

57. In October 2005, Plaintiff Shepard sought time off for the injections he needed to treat his condition.

58. Prior to this request, Plaintiff Shepard had struggled after treatment but refrained from requesting a leave of absence because he knew his role as Evening Coordinator was important to the Firm.

59. Plaintiff Shepard was, however, officially reprimanded for taking three extra sick days after a treatment.

60. These three extra days were taken non-consecutively and were related to investigating Plaintiff's condition and eventually diagnosing his disorder.

61. Richard Bell exceeded his allotted sick days and was not reprimanded in any way.

62. Defendant Dechert was not responsive to Plaintiff's need for leave for treatment and harassed him continually.

63. Plaintiff Shepard was, however, eventually allowed to take time off.

64. Plaintiff Shepard knew that Dechert was trying to prevent him from taking leave because of his objections to the apathy of Mr. Bell.

65. Plaintiff Shepard soon also realized that his disability was not something that Dechert would work to accommodate or try to understand.

66. Rather, Dechert would seize on this condition of Plaintiff Shepard's and try to build a case against him to fire him.

67. Dechert's actions in this sense were discriminatory.

68. On October 27, 2005 Plaintiff Shepard wrote to his supervisor concerning the discriminatory conduct he believed he was being subjected to.

69. In particular, Plaintiff Shepard mentioned the actions and unfair treatment he was being subjected to by Richard Bell.

70. Plaintiff Shepard's concerns about unfair treatment and discrimination were verbally conveyed to management several times prior to this written complaint.

71. Plaintiff Shepard mentioned, in the statement, that he felt Richard Bell was being given preferential treatment by the supervisory staff, including Jennifer Canton, because he was Caucasian.

72. In an e-mail Plaintiff Shepard's supervisor, Adrienne Jefferson, acknowledged that Plaintiff Shepard's concerns were consistent with her own.

73. She did not, however, act in a meaningful way to address the issue – perhaps because she was concerned about her own job security.

74. As a result, on January 17, 2006, Plaintiff Shepard followed-up this complaint with a more formal charge of discrimination and retaliation.

75. His concerns were never fully or appropriately addressed, but he was formally reprimanded three (3) times after he made his formal charge.

76. The first reprimand was less than one (1) month after his allegations were tendered and was clearly in retaliation for Plaintiff Shepard's complaints.

77. Unfair and retaliatory attacks on Plaintiff Shepard's work and character continued after the complaints.

78. Although Plaintiff and Richard Bell shared the same rank in terms of authority, for example, Plaintiff was made to be subservient to Bell which completely conflicted with his job description.

79. Plaintiff Shepard was placed, without justification, on a performance management plan in June of 2006.

80. After years of working overtime on the weekends as a regular operator, Plaintiff Shepard was barred from working overtime.

81. Finally, because his complaints were not being acknowledged and because the work environment became impossible to bear, Plaintiff resigned from his position.

82. The above-referenced discriminatory acts are a representative sampling and

not an exhaustive list of the acts Plaintiff has been subjected to,

## FIRST CAUSE OF ACTION

**(Disability Discrimination and Retaliation in Violation of The Americans With Disabilities Act)**

83. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if separately set forth herein.

84. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

85. Defendant is an employer within the meaning of the Americans with Disabilities Act.

86. Defendant harassed Plaintiff based on his disability and retaliated against Plaintiff for his objection to unlawful disability discrimination.

87. Plaintiff is, thus, entitled to relief.

## SECOND CAUSE OF ACTION

**(Disability Discrimination and Retaliation in Violation of New York State Executive Law)**

88. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if separately set forth herein.

89. Plaintiff is a qualified individual with a disability within the meaning of the New York State Human Rights law.

90. Defendant is an employer within the meaning of the New York State Human Rights Law.

91. Defendant discriminated against and harassed Plaintiff based upon his disability or perceived disability, and retaliated against him because of his complaints about this discrimination in violation of the New York State Human Rights Law.

92. Plaintiff is, thus, entitled to relief.

## THIRD CAUSE OF ACTION

**(Disability Discrimination and Retaliation in Violation of the New York City Administrative Code)**

93. Plaintiff repeats and realleges the allegations above as if separately set forth herein.

94. Plaintiff is a qualified individual with a disability within the meaning of the New York City Administrative Code.

95. Defendant is an employer within the meaning of the New York City Administrative Code.

96. Defendant discriminated against and harassed Plaintiff because of his disability or perceived disability and in retaliation for his complaints about such discrimination in violation of the New York City Administrative Code.

97. Plaintiff is, thus, entitled to relief.

## FOURTH CAUSE OF ACTION

**(Race Discrimination and Retaliation in Violation of Title VII)**

98. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if separately set forth herein.

99. Plaintiff is black.

100. Plaintiff was discriminated against because of his race and in retaliation for his complaints about such discrimination in violation of Title VII.

101. Plaintiff is, thus, entitled to relief.

## FIFTH CAUSE OF ACTION

**(Race Discrimination and Retaliation in Violation of New York State Executive Law)**

102. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if separately set forth herein.

103. Plaintiff is black.

104. Plaintiff was discriminated against because of his race and in retaliation for his complaints about such discrimination in violation of New York State Executive Law.

105. Plaintiff is, thus, entitled to relief.

**SIXTH CAUSE OF ACTION**

**(Race Discrimination and Retaliation in Violation of New York City Human Rights Law)**

106. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if separately set forth herein.

107. Plaintiff is of African descent and black.

108. Plaintiff was discriminated against because of his race and in retaliation for his complaints about such discrimination in violation of New York City Human Rights Law.

109. Plaintiff is, thus, entitled to relief.

**SEVENTH CAUSE OF ACTION**

**(Violation of 42 U.S.C. § 1981)**

110. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if separately set forth herein.

111. Plaintiff is of African National origin.

112. Plaintiff is black.

113. Plaintiff was discriminated against because of the color of his skin as prohibited by 42 U.S.C. § 1981.

114. Plaintiff is, thus, entitled to relief.

WHEREFORE, while reserving the right to seek additional damages and plead additional causes of action as available, Plaintiff demands judgment against Defendant as follows:

A. A declaratory judgment in favor of Plaintiff Shepard, against Defendant, declaring that Defendant has violated The Americans with Disabilities Act and/or The New York State Executive Law and/or the New York City Administrative Code by discriminating against and retaliating against Plaintiff based upon his disability or perceived disability and in retaliation for his complaints about such discrimination;

B. A declaratory judgment in favor of Plaintiff Shepard, against Defendant, declaring that Defendant has violated Title VII and/or The New York State Executive Law and/or the New York City Administrative Code and/or 42 U.S.C. 1981 by discriminating against and retaliating against Plaintiff based upon his race and in retaliation for his complaints about such discrimination;

C. On all applicable causes of action, back pay and benefits and front pay and benefits, plus compensatory and punitive damages, all in amounts to be determined at trial, as well as attorneys' fees, costs and interest;

D. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 20, 2007

THE BOYD LAW GROUP, PLLC

By:____________________
Patrick J. Boyd (PB 0921)
Attorney for Plaintiff
230 Park Avenue, Suite 1000
New York, New York 10160
(212) 808-3054

# EXHIBIT A

## DISMISSAL AND NOTICE OF RIGHTS

To: **Mr. Shawn Shepard**
**277 8th Street #2**
**Jersey City, New Jersey 07302**

From: **Equal Employment Opportunity Commission**
**New York District Office**
**33 Whitehall Street, 5th Floor**
**New York, New York 10004-2112**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2007-01007** | **Maritza Rondon-Velazquez** | **(212)336-3678** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statute(s).

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr., District Director

SEP 28 2007
*(Date Mailed)*

Enclosure(s)

cc: **Linda Dwoskin, Esq.**
**Dechert LLP**
**Cira Centre**
**2929 Arch Street**
**Philadelphia, PA 19104-2808**

**Patrick J. Boyd, Esq.**
**The Boyd Law Group, PLLC**
**230 Park Avenue, Suite 1000**
**New York, New York 10169**