PROSKAUER ROSE LLP
Kathleen M. McKenna
Ian C. Schaefer
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SHAWN SHEPARD,                                              :

        Plaintiff,                                   :   No. 07 Civ. 11474 (PAC)

    v.                                                   :   **ANSWER**

DECHERT, LLP,                                                :

        Defendant.                                  :
-------------------------------------------------------------- X

      Defendant, Dechert LLP, ("Dechert"), by and through its attorneys, Proskauer Rose LLP, hereby answer the Complaint as follows:

## THE PARTIES

      1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

      2.    Admit the allegations contained in paragraph 2 of the Complaint.

      3.    Admit the allegations contained in paragraph 3 of the Complaint.

      4.    Admit the allegations contained in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied.

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied, except to admit that his resume reflects that he has worked in the legal services industry since June of 1996.

10. Deny the allegations contained in paragraph 10 of the Complaint, except admit that Plaintiff received regular performance reviews during the course of his career.

11. Admit the allegations contained in paragraph 11 of the Complaint.

12. Admit the allegations contained in paragraph 12 of the Complaint.

13. Admit the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint, except admit that Defendant does business in New York.

## **NATURE OF THE ACTION**

15. Deny the allegations contained in paragraph 15 of the Complaint, except admit that Plaintiff purports to bring this lawsuit under the statutes cited therein and seeks relief stated therein.

16. Deny the allegations in paragraph 16 of the Complaint.

17. Deny the allegations in paragraph 17 of the Complaint.

18. The allegation contained in paragraph 18 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied, except admit that Plaintiff alleges that the Court's jurisdiction over Defendant is predicated on 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

19. The allegation contained in paragraph 19 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied, except admit that Plaintiff purports to bring this lawsuit under the statutes cited therein and seeks the relief stated therein.

20. The allegation contained in paragraph 20 of the Complaint is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied, except admit that Plaintiff alleges that venue is proper pursuant to 28 U.S.C. §1391(b).

## ADMINISTRATIVE PREREQUISITES

21. Admit the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint, except admit that the right to sue letter bears the "date mailed" date of September 28, 2007.

23. Admit the allegations contained in paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, the allegations are admitted.

## FACTS

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied, except to admit that his resume reflects that he has worked in the legal services industry since June of 1996.

26. Deny the allegations contained in paragraph 26 of the Complaint, except admit that Plaintiff received performance reviews during his employment with Defendant.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Admit the allegations contained in paragraph 28 of the Complaint.

29. Admit the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint, except admit that Plaintiff had a supervisor named Adrienne Jefferson.

31. Admit the allegations contained in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint, but admit that on December 9, 2003, Plaintiff received an overall performance assessment that he "consistently meets performance expectations, but exceeds in some areas," and on December 16, 2004, Plaintiff received an overall performance assessment that he "consistently exceeds most performance expectations."

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint, except admit that Richard Bell began work as an Evening Scheduler at Dechert on or about January 3, 2005.

37. Admit the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint, except admit that Plaintiff complained that Mr. Bell was given preferential treatment.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, and further deny that Plaintiff was undervalued due to the color of his skin.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint, except admit that Plaintiff first sought time off for a "personal" leave of absence in and around October 2005, and further admit that he then requested and was granted a medical leave of absence to attend to his vocal condition in and around November 2005.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint.

63. Deny the allegations contained in paragraph 63 of the Complaint, except admit that Plaintiff was given time off from October 21, 2005 to December 5, 2005, and thereafter was granted time off from May 8, 2006 through May 29, 2006.

64. Deny the allegations contained in paragraph 64 of the Complaint.

65. Deny the allegations contained in paragraph 65 of the Complaint.

66. Deny the allegations contained in paragraph 66 of the Complaint.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint.

69. Deny the allegations contained in paragraph 69 of the Complaint.

70. Deny the allegations contained in paragraph 70 of the Complaint.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint, except admit that on January 17, 2006, Plaintiff drafted a memorandum entitled "Formal Complaint," and Defendant respectfully refers the Court to the contents thereof.

75. Deny the allegations contained in paragraph 75 of the Complaint.

76. Deny the allegations contained in paragraph 76 of the Complaint, except admit that Plaintiff was reprimanded on or about February 8, 2006.

77. Deny the allegations contained in paragraph 77 of the Complaint.

78. Deny the allegations contained in paragraph 78 of the Complaint.

79. Deny the allegations contained in paragraph 79 of the Complaint, except admit that Plaintiff was placed on a performance management plan in or about June 2006.

80. Deny the allegations contained in paragraph 80 of the Complaint.

81. Deny the allegations contained in paragraph 81 of the Complaint, except admit that Plaintiff resigned from his position.

82. Deny the allegations contained in paragraph 82 of the Complaint, and Defendant repeats and reasserts its responses to paragraphs 1 through 81 of the Complaint.

### FOR THE FIRST CAUSE OF ACTION
### (DISABILITY DISCRIMINATION AND RETALIATION – AMERICANS WITH DISABILITIES ACT)

83. Defendant repeats its responses to paragraphs 1 through 82 above as if fully restated herein.

84. The allegation contained in paragraph 84 is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied.

85. The allegation contained in paragraph 85 is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is admitted.

86. Deny the allegations in paragraph 86 of the Complaint.

87. Deny the allegations in paragraph 87 of the Complaint.

## FOR A SECOND CAUSE OF ACTION
### (DISABILITY DISCRIMINATION AND RETALIATION – NEW YORK STATE EXECUTIVE LAW)

88.  Defendant repeats its responses to paragraphs 1 through 87 above as if fully restated herein.

89.  The allegation contained in paragraph 89 is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied.

90.  The allegation contained in paragraph 90 is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is admitted.

91.  Deny the allegations in paragraph 91 of the Complaint.

92.  Deny the allegations in paragraph 92 of the Complaint.

## FOR A THIRD CAUSE OF ACTION
### (DISABILITY DISCRIMINATION AND RETALIATION – NEW YORK CITY ADMINISTRATIVE CODE)

93.  Defendant repeats its responses to paragraphs 1 through 92 above as if fully restated herein.

94.  The allegation contained in paragraph 94 is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is denied.

95.  The allegation contained in paragraph 95 is a legal conclusion to which no response is required, but to the extent a response is required, the allegation is admitted.

96.  Deny the allegations in paragraph 96 of the Complaint.

97.  Deny the allegations in paragraph 97 of the Complaint.

## FOR A FOURTH CAUSE OF ACTION
## (RACE DISCRIMINATION AND RETALIATION – TITLE VII)

98. Defendant repeats its responses to paragraphs 1 through 97 above as if fully restated herein.

99. Admit the allegation contained in paragraph 99 of the Complaint.

100. Deny the allegations in paragraph 100 of the Complaint.

101. Deny the allegations in paragraph 101 of the Complaint.

## FOR A FIFTH CAUSE OF ACTION
## (RACE DISCRIMINATION AND RETALIATION – NEW YORK STATE EXECUTIVE LAW)

102. Defendant repeats its responses to paragraphs 1 through 101 above as if fully restated herein.

103. Admit the allegation contained in paragraph 103 of the Complaint.

104. Deny the allegations contained in paragraph 104 of the Complaint.

105. Deny the allegations contained in paragraph 105 of the Complaint.

## FOR A SIXTH CAUSE OF ACTION
## (RACE DISCRIMINATION AND RETALIATION – NEW YORK CITY HUMAN RIGHTS LAW)

106. Defendant repeats its responses to paragraphs 1 through 105 above as if fully restated herein.

107. Admit the allegation contained in paragraph 107 of the Complaint.

108. Deny the allegations contained in paragraph 108 of the Complaint.

109. Deny the allegations contained in paragraph 109 of the Complaint.

## FOR A SEVENTH CAUSE OF ACTION
### (42 U.S.C. §1981)

110. Defendant repeats its responses to paragraphs 1 through 109 above as if fully restated herein.

111. Admit the allegation contained in paragraph 111 of the Complaint.

112. Admit the allegation contained in paragraph 112 of the Complaint.

113. Deny the allegations contained in paragraph 113 of the Complaint.

114. Deny the allegations contained in paragraph 114 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

115. The Complaint fails to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

116. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

117. Plaintiff has failed to make reasonable efforts to mitigate his damages, if any, as required by law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

118.   Plaintiff's claims are barred because of at all relevant times Defendant has acted in good faith toward Plaintiff, and any actions taken towards Plaintiff were for legitimate, non-discriminatory, non-retaliatory business reasons.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

119.   At all times relevant hereto, including prior to the allegations that form the basis of Plaintiff's claims, Defendant exercised reasonable care to prevent and correct promptly and discriminatory, retaliatory or harassing behavior.  Plaintiff unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by Defendant to avoid harm otherwise.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

120.   At all times relevant hereto, including prior to the allegedly discriminatory acts referred to in the Complaint, Defendant had established and complied with polices, programs and procedures for the prevention and detection of unlawful discriminatory practices by its employees and agents.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

121.   Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the bringing this action.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

122.   Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

123.   Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Executive Law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

124.   Plaintiff's claims are barred, in whole or in part, by the New York Workers' Compensation Law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

125.   Plaintiff is not entitled to recover any exemplary or punitive damages because Defendant did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless act.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

126.   Plaintiff's disability discrimination claims are barred by virtue of the fact that Plaintiff is not disabled under the definitions of the Americans with Disabilities Act, the New York State Human Rights Law, and/or the New York City Human Rights Law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

127.   Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's rejection of Defendant's offers of reasonable accommodation.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

128.   Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's failure to cooperate with Defendant in determining a reasonable accommodation.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

129.   If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Defendant expressly denies, Defendant would have taken the same action for non-discriminatory reasons.

**WHEREFORE**, Defendant respectfully requests that this Court:

a. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b. Deny each and every request for relief contained in Plaintiff's Complaint;

c. Award Defendant its reasonable attorneys' fees and legal expenses;

d. Award Defendant its costs and disbursements incurred in defense of this action; and

e. Award Defendant any other relief the Court deems just and proper.


Dated: New York, New York
       March 3, 2008

                              PROSKAUER ROSE LLP


                              By: /s/ Kathleen M. McKenna
                                  Kathleen M. McKenna
                                  Ian C. Schaefer
                              1585 Broadway
                              New York, New York 10036
                              (212) 969-3000
                              *Attorneys for Defendant*